**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CR-140-TCK |
| ) | |
| BARRY BOWMAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the Agreed Motion of Defendant Barry Bowman to Reset Scheduling Order Deadlines and Brief in Support (Dkt. #17). Defendant Bowman asks the Court to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii) and to extend all deadlines in the scheduling order by two (2) months or, in the alternative, to grant an "ends of justice" continuance based upon § 3161(h)(8)(B)(iv). The government did not object to the motion.

The sealed indictment was filed in this matter on November 2, 2009. (Dkt. # 1). The government charged Defendant with violations of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (unlawful user of a controlled substance in possession of firearms and ammunition); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 841(b)(1)(C) (possession of methamphetamine with intent to distribute; and 18 U.S.C. § 924(c)(1)(A)(I) (possession of firearms in furtherance of a drug trafficking crime). The case was unsealed and Defendant made his initial appearance with retained counsel on November 16, 2009. (Minutes, Dkt. #6). The following day, November 17, 2009, the Court entered a Scheduling Order which set, among other dates, a pretrial conference for December 14, 2009, and trial for December 21, 2009.

When the case was called for detention hearing on November 20, 2009, the Court was advised that a conflict had developed between the Defendant and his retained counsel. The Court requested that counsel from the district's Criminal Justice Act ("CJA") Panel intervene and represent Defendant, and Charles Robert Burton IV was appointed as Defendant's counsel of record. (Minutes (Dkt. #9)). The detention hearing was reset for November 30, 2009. On that date, the Court granted the government's motion for detention and subsequently ordered that the Defendant should be detained pending trial. (Order, Dkt. #12). On Monday, December 7, 2009, a Superseding Indictment was filed by the United States with an additional count alleging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). (Superseding Indictment, Dkt #14).

The Speedy Trial Act requires that a federal criminal trial begin at least 30 days but not more than 70 days from the date the indictment is filed and made public or a defendant appears before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). "The Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public's interest in ensuring prompt criminal prosecutions." United States v. Williams, 511 F.3d 1044, 1047 (10th Cir. 2007) (citing Zedner v. United States, 547 U.S. 489 (2006)). It permits a court to exclude certain periods of time from the speedy trial clock, and excludable time does not count towards the 70-day time limit. See 18 U.S.C. § 3161(h); e.g., United States v. Apperson, 441 F.3d 1162, 1177-84 (10th Cir. 2006). Specifically, § 3161(h)(8)(A) permits a court to exclude:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice

> served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Id.

The Act provides several factors that may be relevant for an ends-of-justice continuance. In this particular case, Defendant asserts that § 3161(h)(8)(B)(ii) applies, which states that a district judge shall consider:

> [w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

Id. Alternatively, Defendant requests that the Court apply § 3161(h)(8)(B)(iv), which provides that a district judge shall consider

> [w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Id. Although the Act provides a trial court discretion when considering a request for an ends-of-justice continuance, such requests must not be granted "cavalierly." Williams 511 F.3d at 1048-49. Further, a district court must make specific findings supporting its decision granting an ends-of-justice continuance and state its findings on the record. United States v. Hill, 197 F.3d 436, 441 (10th Cir. 1999).

Defendant asserts that the government produced voluminous discovery to defense counsel on November 20, 2009, and has not yet produced electronic data pertaining to a cell phone seized from the Defendant (among other evidence) in connection with the recently added Count V of the Superseding Indictment. The discovery is estimated to exceed over a thousand pages of documents

and encompasses alleged drug activities occurring over approximately ten (10) months. The case does not involve multiple defendants or novel questions of fact or law, but it does involve multiple occurrences of the alleged crime. Further, Defendant's counsel was appointed after his retained counsel withdrew and the government filed a superseding indictment just 14 days before trial. Defendant's appointed counsel represents that he has obligations in other federal criminal and civil matters as well as this one. It would be unreasonable to expect appointed counsel to review the voluminous discovery recently produced by the government and prepare the case for trial within 70 days. As the current scheduling order does not allocate sufficient time needed for the review of the discovery in this matter, the ends of justice are best served by granting a limited extension.

In addition to the interests of the parties, the court must also consider whether the ends of justice served by extending the 70-day time limit also outweigh the public's interest in a speedy trial. Zedner, 547 U.S. at 498-99; Williams, 511 F.3d at 1048. While a speedy resolution of criminal cases serves the public interest, it does not benefit the public if a criminal case is rushed and a miscarriage of justice results. Given the circumstances attendant to the proceedings in the case thus far, the ends of justice served by granting a limited extension outweigh the public's interest in a speedy trial.

The Court has considered the statutory factors and Williams, and finds that, although this case does not warrant a "complex case" designation contemplated in § 3161(h)(8)(B)(ii), it does warrant an extension of time pursuant to § 3161(h)(8)(B)(iv) because the failure to grant a continuance "would unreasonably deny. . . counsel for the defendant. . .the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. The Court's decision to grant Defendant's motion is not based on the general congestion of the court's calendar or lack of diligent preparation by counsel. See 18 U.S.C. § 3161(h)(8)(C). The Court will

grant the requested extension and set this case on its February 16, 2010 trial docket, conditioned upon the filing by the defendant of a Speedy Trial Waiver for the time period covered by the extension he requests.

IT IS THEREFORE ORDERED that the Agreed Motion of Defendant Barry Bowman to Reset Scheduling Order Deadlines and Brief in Support (Dkt. #17) is GRANTED IN PART and DENIED IN PART in that this is not a complex case, and the continuance is subject to filing by the Defendant of a Speedy Trial Waiver for the time period between December 21, 2009 and February 16, 2010. Defendant must file the waiver within ten (10) days of this Order. If Defendant does not file the waiver within ten days, the scheduling dates set forth below will be stricken and the matter reset for the Court's January 19, 2010 trial docket to comply with the 70-day requirement of the Speedy Trial Act. The following scheduling order for this case is hereby entered:

| | |
|---|---|
| Motions due: | January 15, 2010 |
| Responses due: | January 29, 2010 |
| PT/CP/Motions Hearing | February 9, 2010 at 1:30 p.m. |
| Voir dire, jury instructions, and trial briefs due: | February 10, 2010 |
| Jury Trial: | February 16, 2010 |

Dated this 17th day of December, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE